UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**DANIEL ADAM MANNING,**

                        **Plaintiff,**

  vs.                                               1:21-CV-1201
                                                           (MAD/DJS)

**HON. ANTHONY MCGINTY,** *in his official capacity in Ulster County Family Court*, **and ULSTER COUNTY DSS FAMILY SERVICES,**

                        **Defendants.**

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **DANIEL ADAM MANNING**<br>260 Kings Mall Court, Apartment 303<br>Kingston, New York 12401<br>Plaintiff, *Pro Se* | |
| **MAYNARD, O'CONNOR LAW FIRM**<br>Route 9W<br>P.O. Box 180<br>Saugerties, New York 12477<br>Attorneys for Defendant Ulster County<br>Ulster County DSS Family Services | **ADAM T. MANDELL, ESQ.** |
| **MAYNARD O'CONNOR SMITH &<br>CATALINOTTO**<br>6 Tower Place<br>Albany, New York 12203<br>Attorneys for Defendant Ulster County<br>Ulster County DSS Family Services | **KELLY ANN KLINE, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

1

On November 3, 2021, Plaintiff Daniel Adam Manning ("Plaintiff") commenced this action against Defendants Honorable Anthony McGinty ("Defendant McGinty") and Ulster County Department of Social Services Family Services ("Defendant UCDSS"), asserting claims under 42 U.S.C. § 1983.  Plaintiff alleges Defendant UCDSS "profiled" him and his family based on his mother's history with Defendant UCDSS and Plaintiff's job.  *See* Dkt. No. 1 at 3.  Plaintiff also alleges Defendant McGinty allowed an individual to "falsely" testify in an action before family court.  *See id.* at 2.  Defendant UCDSS filed a motion to dismiss on September 9, 2022, arguing that Plaintiff failed to state a claim against Defendant UCDSS.  *See* Dkt. No. 10-1.  Plaintiff failed to respond to the motion.

For the following reasons, the motion to dismiss is granted and the case is dismissed in its entirety.

## II. DISCUSSION

**A.     Standard of Review**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief.  *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted).  In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor.  *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted).  This presumption of truth, however, does not extend to legal conclusions.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading.  *Mangiafico v.*

*Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *id.* at 555 (citation omitted), and present claims that are "plausible on [their] face." *Id.* at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the [ ] complaint must be dismissed." *Id.* at 570.

Plaintiff brings this action pursuant to Section 1983 of Title 42 of the United States Code ("Section 1983"), which establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights").  "Section 1983 itself creates no substantive rights, [but] ... only a

procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993).

Courts must afford *pro se* plaintiffs "special solicitude" before granting motions to dismiss. *See Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994). "A document filed *pro se* is 'to be liberally construed,' ... and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "This policy of liberally construing *pro se* submissions is driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (internal quotations and modifications omitted). Therefore, courts read *pro se* filings "to raise the strongest arguments that they suggest." *Id.* at 474.

B.  **Defendant UCDSS and *Monell* Liability**

The entirety of Plaintiff's allegations, both legal and factual, against Defendant UCDSS are: "Ulster County DSS was profiling myself and my family plus the job that I do. DSS has a history with my family for [the] last 15 years dealing with my mother that is passed on and dealing with me from 2008 [until] present." Dkt. No. 1-1 at 3. Plaintiff also seeks relief based on actions by Ulster County and Ulster County family court. *See* Dkt. No. 1 at 4. Defendant UCDSS argues that Plaintiff failed to assert cogent allegations and failed to state a claim against them. *See* Dkt. No. 10-1 at 2. Specifically, Defendant UCDSS argues that Plaintiff failed to allege any custom, policy, or practice, or specific conduct by a state actor resulting in a constitutional injury. *See id.* at 5. The Court agrees.

"Under New York law, a department of a municipal entity is merely a subdivision of the municipality and has no separate legal existence. Therefore, municipal departments like the Department of Social Services are not amenable to suit, *see*, *e.g.*, *Adams v. Galletta,* 966 F. Supp. 210, 212 (S.D.N.Y. 1997); *Umhey v. County of Orange,* 957 F. Supp. 525, 530-31 (S.D.N.Y. 1997), and no claims lie directly against the Department." *Hoisington v. Cnty. of Sullivan*, 55 F. Supp. 2d 212, 214 (S.D.N.Y. 1999). Even if the Court treats the claim against Defendant UCDSS as a claim against Ulster County, the claim still fails as a municipality "may not be held liable under Section 1983 unless the challenged action was performed pursuant to a municipal policy or custom." *Powers v. Gipson*, No. 04-CV-6338, 2004 WL 2123490, *1 (W.D.N.Y. Sept. 14, 2004) (citing *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978)). As a result, to demonstrate *Monell* liability, a plaintiff must allege a violation of constitutional rights by employees of the municipality and "(1) 'the existence of a municipal policy or custom ... that caused his injuries beyond merely employing the misbehaving officer[s]'; and (2) 'a causal connection—an "affirmative link"—between the policy and the deprivation of his constitutional rights.'" *Harper v. City of New York*, 424 Fed. Appx. 36, 38 (2d Cir. 2011) (quoting *Vippolis v. Village of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985)); *see also Shepherd v. Powers*, No. 11-CV-6860, 2012 WL 4477241, *9 (S.D.N.Y. Sept. 27, 2012) (quotation omitted). Plaintiff has failed to allege a constitutional violation and a municipal custom or policy, and failed to name a "person" amendable to suit under Section 1983. Thus, Plaintiff's *Monell* claims are dismissed. *See Cox v. City of New Rochelle*, No. 17-CV-8193, 2019 WL 3778735, *8 (S.D.N.Y. Aug. 12, 2019) (citations omitted) ("Plaintiff fails to allege the second element required to state a *Monell* claim because, as noted above, each of Plaintiff's federal claims fail to state a claim. There is thus no underlying constitutional deprivation upon which Monell liability may rest"); *Corley v. Vance*,

365 F. Supp. 3d 407, 462 (S.D.N.Y. 2019) (quoting *Bobolakis v. DiPietrantonio*, 523 Fed. Appx. 85, 87 (2d Cir. 2013)) ("Plaintiff has failed to demonstrate the existence of an underlying constitutional violation in the ... Complaint, thereby precluding a *Monell* claim against the City"); *Toussaint v. City of New York*, No. 17-CV-5576, 2018 WL 4288637, *8 (E.D.N.Y. Sept. 7, 2018) ("Because Plaintiff has not established any underlying, independent constitutional claim, he has not stated a *Monell* claim").  Additionally, being free from discrimination or profiling based on a family history with Defendant UCDSS or based on a job title are not constitutionally protected rights.  *See Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quoting *Anderson v. Creighton,* 483 U.S. 635, 640 (1987)) ("For a constitutional right to be clearly established, its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right'"); *see also Palkimas v. Bella*, 510 Fed. Appx. 64, 67 (2d Cir. 2013).  As such, Plaintiff did not allege an underlying constitutional violation, and Plaintiff has failed to state a claim under Section 1983 against Ulster County and Defendant UCDSS.

**C.     Immunities**

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. CONST. amend XI.  Under the Eleventh Amendment, "officials acting in a judicial capacity are entitled to absolute immunity ... and this immunity acts as a complete shield ... for money damages."  *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999).  "Judges enjoy absolute immunity from personal liability for 'acts committed within their judicial jurisdiction.'"  *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (quoting *Pierson v. Ray*, 386 U.S. 547 (1967)).  "The absolute immunity of a judge applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved

6

to the plaintiff.'" *Id.* (quotation omitted).  Judicial immunity is only abrogated by two limited set of circumstances whereupon the judge is being sued for actions which did not occur within his or her judicial capacity or the actions were taken despite a complete absence of jurisdiction.  *See Mireles v. Waco*, 502 U.S. 9, 11-13 (1991).  Thus, suits against New York State Family Court judges in their official capacity for damages are barred by the Eleventh Amendment.  *See Morris v. Main*, No. 8:08-CV-813, 2009 WL 890634, *2 (N.D.N.Y. Mar. 31, 2009).  "In cases of judicial immunity, a Court may dismiss a complaint, *sua sponte*, without affording a hearing or other notice of dismissal."  *Rolle v. Shields*, No. 16-CV-2487, 2016 WL 3093898, *1 (E.D.N.Y. June 1, 2016) (citing *Tapp v. Champagne*, 164 Fed. Appx. 106 (2d Cir. 2006)).  Here, Plaintiff has not alleged that either of these two exceptions apply.  Accordingly, the claim against Defendant McGinty is dismissed.

Plaintiff also lists Ulster County Family Court as a defendant on the civil cover sheet.  *See* Dkt. No. 1-1.  To the extent Plaintiff intended to allege claims against Ulster County Family Court, that court "is a part of the New York State Unified Court system and is, therefore, also protected by the State's sovereign immunity from suit in federal court."  *Arce v. Turnbull*, No. 17-CV-696, 2019 WL 4451477, *4 (W.D.N.Y. Sept. 17, 2019) (quoting *McKnight v. Middleton*, 699 F. Supp. 2d 507, 521 (E.D.N.Y. 2010) and citing N.Y. Family Court Act § 113 ("The family court of the state of New York is established in each county of the state as part of the unified court system for the state")).  "[D]istrict courts may dismiss a frivolous complaint *sua sponte*," *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000), and Courts have a duty to examine their subject matter jurisdiction *sua sponte*.  *See United States Liab. Ins. Co. v. M Remodeling Corp.*, 444 F. Supp. 3d 408, 409 (E.D.N.Y. 2020).  To the extent Plaintiff alleges claims against Ulster County Family Court, such claims are dismissed.

**D.     Leave to Amend**

When a *pro se* complaint fails to state a cause of action, the court *generally* "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted); *see Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, if "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it[,]" then Plaintiff is not required to have an opportunity to amend. *Id.* Here, providing Plaintiff with an opportunity to amend his complaint would not cure the defect, as no cognizable claims exist, and Defendant UCDSS is not amenable to suit.

### III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion to dismiss (Dkt. No. 10) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED with prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: April 10, 2023
      Albany, New York

Mae A. D'Agostino
U.S. District Judge